Indictment for cheating one Hollingshead of 80 dollars of his money at cards, (faro.) The evidence was that banknotes were won. Verdict, guilty. Motion for a new trial.

C. Lee and Mr. Morsell, for defendant, contended that banknotes are not money, and cited Grigby v. Oakes, 2 Bos. & P. 526; U. S. v. Morgan [Case No. 15,808], in this court; East, Crown Law, 597–599.

Mr. Jones, contra, cited Miller v. Race, 1 Burrows, 457; Rumball v. Murray, 3 Term R. 298; Wright v. Reed. Id. 554; Cousins v. Thompson, 6 Term R. 335.

THE COURT (nem. con.) was of opinion, that on an indictment, evidence of banknotes is no evidence of money. No case has been shown in which it has been admitted. In the cases cited the question was what was the general understanding of the word in common acceptation; but in an indictment the words are to be construed according to their strict legal meaning.

[Cited in U. S. v. Holly, Case No. 15,381.]

---

## Case No. 16,662.

### UNITED STATES v. WELLS.

[2 Cranch, C. C. 45.] [1]

Circuit Court, District of Columbia. June Term, 1812.

GAMING—MARYLAND STATUTES—GEORGETOWN BY-LAWS.

The by-law of Georgetown, prescribing a penalty for keeping a public gaming-table, does not supersede, nor repeal the Maryland act of 1797, c. 110, prescribing a penalty for keeping a faro-table in a house occupied by a tavern-keeper.

[Cited in U. S. v. Holly, Case No. 15,381.]

[Cited in Town of Van Buren v. Wells, 53 Ark. 368, 14 S. W. 40.]

Indictment under the act of assembly of Maryland of 1797, c. 110, for keeping a faro-table in a house occupied by a tavern-keeper.

There was a verdict for the defendant, at the last term, and a motion for a new trial, upon a question of law reserved, namely, whether the defendant was liable to the fine of £50 imposed by the act of assembly, he having been fined by a justice of the peace 20 dollars under the by-law of the corporation of Georgetown, of March 7, 1806, which enacts that any person who shall keep any public gaming-table or device for common gaming, within the corporation, shall "for every offense of gaming at such table or device for gaming, forfeit and pay the sum of twenty dollars." The offense for which he was thus fined was one of the acts of gaming at the faro-table for the keeping of which, in a house occupied by a tavern-keeper, the

present indictment was found. The charter of the corporation of Georgetown gave them power "to restrain or prohibit gambling;" and authority to pass all laws not inconsistent with the laws of the United States, which may be necessary to carry into effect all the powers vested in the corporation.

THE COURT (FITZHUGH, Circuit Judge, absent) was of opinion that the payment of the fine under the by-law did not prevent the operation of the general law (Act 1797, c. 110), and ordered judgment to be entered up for the penalty of £50.

---

## Case No. 16,663.

### UNITED STATES v. WELLS.

[2 Wash. C. C. 161.] [1]

Circuit Court, D. Pennsylvania. April, 1808.

SET-OFF AGAINST UNITED STATES—UNLIQUIDATED DAMAGES.

1. When the claim which is asserted as a set-off, depends for its validity on the generosity of the government, it cannot be enforced by this court, against a legal demand upon the defendant by the United States.

[Cited in Smith v. Woodman, 28 N. H. 532.]

2. Damages which have not been ascertained, and are uncertain in their nature, cannot be made a matter of set-off.

This action was brought to recover a balance due from the defendant, as a collector of the excise duties. The defendant was an active officer, in resisting the opposers of the excise law, in the western counties of Pennsylvania, and in consequence of his activity, had his house burnt by the insurgents, and suffered other injuries to his property. By an act of congress, passed in 1795, [1 Stat. 423], upwards of eight thousand dollars was placed at the disposal of the president, to aid such of the officers of government, and citizens, who had suffered losses in their property, by the insurgents, as in his opinion stood in need of immediate assistance. The president appointed commissioners to view and value these losses, who reported that the defendant, amongst others, had suffered to the amount of —— dollars. The defendant received seven or eight hundred dollars, much less than the sum mentioned in the report. The subject of full compensation was afterwards brought before congress, and a favourable report made by the secretary of the treasury, to whom the subject was referred, which was rejected by the committee of claims. The defendant claims the difference between the estimated value of his losses, and the sum

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]